## HAY v. MARSH ET AL.

[No. 18,529. Filed Nov. 29, 1898. Rehearing denied June 28, 1899.]

FRAUDULENT CONVEYANCE.—*Evidence.*—*Sufficiency.*—In an action to set aside a conveyance as fraudulent grantor testified that he had received from the grantee several items of cash and personal property; that these had not supplied the consideration for the conveyance, but that he had assigned a certain judgment in payment or as security therefor; that grantee gave nothing for the deed; that he told grantee of his indebtedness to plaintiffs, and grantee "said he would do them up." *Held*, that the evidence was sufficient to set aside the conveyance as fraudulent against creditors. *pp. 651, 652.*

EVIDENCE.—*Review.*—*Special Finding.*—Where there is evidence which, if standing alone, supports the finding of the trial court, it is the duty of the Supreme Court to accept such evidence and disregard all evidence in conflict therewith. *p. 652.*

From the Clark Circuit Court. *Affirmed.*

*H. A. Burtt, J. E. Taggart, H. M. Dowling* and *Elliott & Elliott*, for appellant.

*W. H. Watson, J. W. Fortune* and *L. A. Douglass* for appellees.

HACKNEY, J.—The question in this case is as to the validity, as against creditors, of a conveyance by one McDaneld to the appellant. The only contention on behalf of the appellant is that the evidence, showing a conveyance for an

adequate consideration, did not establish a fraudulent design on the part of Hay, the grantee.

The grantor testified that he had received from Hay several items of cash and personal property; that these had not supplied the consideration for the conveyance but that he had assigned to Hay a certain judgment in payment or as security therefor; that "Hay gave  *  *  *  nothing for the deed;" that he told Hay of his indebtedness to the appellees, but Hay "said he would do them up",—meaning that he would beat them out of their claim.

There was evidence in conflict with this, but we are not permitted to weigh and determine conflicts in evidence. When there is evidence which, if standing alone, supports a finding of the trial court, it is our duty to accept such evidence, and to disregard all evidence in conflict therewith. The evidence to which we have referred very clearly authorized the finding of fraud on the part of the appellant, it having been further shown that the debtor possessed no other property at the time of the conveyance or since.  The judgment is affirmed.